IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ALEJANDRO CABRERA | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:12cv234 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING SECOND MOTION FOR RECONSIDERATION

The Movant Alejandro Cabrera, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 challenging the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Cabrera's motion was dismissed on September 17, 2012, for failure to prosecute, with the stipulation that if Cabrera notified the Court of his address within 60 days of the date of final judgment, the case would be reopened. Some 11 months later, in August of 2013, Cabrera filed a motion for relief from judgment, complaining that he had been subjected to a "series of transfers" before arriving at his final destination at the United States Penitentiary in Atwater, California.

The Magistrate Judge ordered Cabrera to show good cause why his petition should be reopened. This order was erroneously sent to the Collin County Jail rather than the U.S. Penitentiary. When the error was discovered, the order was re-issued and Cabrera was given until February 13, 2014, in which to respond to the show cause order. When no response was received, Cabrera's motion for reconsideration was denied on March 5, 2014.

Cabrera thereupon filed his second motion for reconsideration on March 31, 2014, stating that his failure to respond was not intentional and that he did not learn of the Court's order until

1

March 17, 2014. He again discussed the fact that he was transferred back and forth among a number of county jails and other holding facilities, including the jails in Bowie County, Gregg County, and Liberty County, complaining that he was unable to contact the Court during these periods of confinement. The Magistrate Judge observed that the Court receives numerous cases, letters, and motions from inmates in Bowie County and Gregg County, indicating that inmates in those facilities have access to legal materials as well as to court. Because the lengthy gaps in the time line of this case were caused by Cabrera's own failure to contact the court, the Magistrate Judge stated that the case was properly dismissed for failure to prosecute.

However, in the interest of justice, the Magistrate Judge then addressed the merits of the claims raised in Cabrera's motion to vacate sentence. Cabrera complained that he was actually innocent of the charges against him and that his defense counsel did not provide an interpreter at meetings even though Cabrera speaks very little English. He stated that had counsel provided an interpreter, he would have conveyed his innocence and not entered a guilty plea.

The Magistrate Judge reviewed the testimony at Cabrera's change of plea proceeding, including Cabrera's own statements that he understood what had happened in the case, he had fully discussed the charges and facts with his attorney, no one had made him any promises or threats, and he was pleading guilty because he was guilty. Cabrera testified that he agreed with other persons in 2009 to distribute methamphetamine. He again said that he understood everything which had happened in court and that he desired to enter a plea of guilty.

Four months after entering the guilty plea, Cabrera filed a motion to withdraw this plea, saying that the plea was involuntary and that he was innocent. He stated that he had been forced to plead guilty because he was told that if he did not sign the plea agreement, "they would not give him credit for time." A hearing was held on this motion and Cabrera testified that the prosecutors' proof was not true, he was forced to plead guilty, and his family was told that "they will give them protection if they declare against me or do conspiracy against me." The U.S. Attorney and Cabrera's

defense attorney, Carlos D'Angelo, also testified at the hearing, and Cabrera's motion to withdraw the guilty plea was denied.

At sentencing, Cabrera again stated that he was not guilty of what he was accused of and that he had never sold or used drugs. He claimed he did not understand the plea agreement, stating that it was his understanding that after he signed the plea agreement, he was going to be freed to leave. Cabrera received a sentence of 189 months in prison, followed by five years of supervised release, and a special assessment of $100.00.

In his motion to vacate or correct sentence, Cabrera claimed that counsel failed to provide a translator. The Magistrate Judge determined that Cabrera had offered nothing to substantiate this assertion beyond his own conclusory allegations, which are insufficient to support §2255 relief. The plea agreement was signed by Gilbert Urbina, the translator, who wrote below his signature that he had translated the agreement from English into Spanish. The Magistrate Judge also stated that Cabrera never complained about being denied a translator prior to his §2255 motion; he made no mention of being denied a translator at the hearing on his motion to withdraw the plea or at sentencing, and in fact he expressed satisfaction with counsel's performance and stated that he had fully discussed his plea agreement and sentencing with counsel.

Cabrera also contended that his guilty plea was involuntary, but he had testified at the change of plea hearing that he was pleading guilty because he was guilty and that no one had made him any threats or promises to induce his plea. He signed the factual resume presented by the Government and testified that he had agreed with other persons to sell methamphetamine and he was traveling with his co-conspirators in a car which contained guns and drugs. The Magistrate Judge stated that these solemn declarations by Cabrera carried a "strong presumption of verity" and concluded that Cabrera had failed to overcome this presumption.

Cabrera further argued that he was actually innocent, but the Magistrate Judge observed that actual innocence is not a free-standing ground for relief in a §2255 proceeding. Instead, actual innocence is a gateway to the consideration of claims which would otherwise be procedurally barred.

The Magistrate Judge concluded that Cabrera's claims were not procedurally barred, but failed on the merits. The Magistrate Judge therefore recommended that Cabrera's second motion for reconsideration be denied and that he be denied a certificate of appealability *sua sponte*.

Cabrera filed objections to the Magistrate Judge's Report on May 5, 2014. In his objections Cabrera asked that the Court expand the record by allowing him to file a motion for discovery seeking video surveillance records from the county jails, as well as any audio recordings, visitor logs, and copies of telephone calls between himself and D'Angelo. He said he wanted to submit an affidavit outlining what transpired between himself and counsel, and an affidavit from a co-defendant declaring Cabrera's innocence, but no such affidavits were attached to his objections.

Second, Cabrera states that counsel did not explain the sentencing guidelines to him nor how they related to him, or the options and alternatives he had, the consequences of his plea, or the evidence and elements of the information as charged. He says that counsel told him before the change of plea hearing that he had to answer yes and admit to the allegations in order to be able to go home after the hearing; he claims that D'Angelo told him that after the hearing, he and the prosecutor would have a conference and then Cabrera would be released. He asks for discovery of video surveillance which would show the meeting between himself and D'Angelo minutes before the change of plea hearing. Finally, Cabrera states that he maintains his innocence and that the only reason he pleaded guilty was to "avoid risking greater harm and prejudice." He says that he entered a guilty plea "in attempts to obtain the most favorable outcome for his situation."

Cabrera's objections are without merit. He has not shown good cause for expansion of the record under Rule 7 of the *Rules Governing Section 2255 Proceedings in the United States District Courts*, and he is not entitled to conduct a fishing expedition to locate possible errors. United States v. Webster, 392 F.3d 787, 802 (5th Cir. 2004) (court will not sanction fishing expeditions based on petitioner's conclusory allegations).

Cabrera's claim that D'Angelo told him right before the change of plea hearing to say yes to everything and that he would be released afterwards is raised for the first time in Cabrera's

4

objections. He made no mention of such a claim in his motion to withdraw the plea, at the hearing on this motion, at his sentencing, or in his §2255 motion. At the change of plea hearing, Cabrera was advised of the maximum sentence that he faced and was told that a pre-sentence investigation report would be prepared to assist the Court in assessing sentence. He said nothing at that time, or in any of the later proceedings, about a promise that he would be released after entering the guilty plea, and in fact testified that no one had made any promises to him to induce his guilty plea. Cabrera's conclusory allegation that such a promise was made to him is wholly insufficient to overcome the evidence of his own sworn testimony at the guilty plea proceeding.

Similarly, Cabrera complains that counsel did not explain the sentencing guidelines to him or the consequences of the plea, the evidence, or the elements involved. At the change of plea proceeding, the following colloquy took place between the Court and Cabrera:

Q: Now, Mr. Cabrera, let me go through with you a few questions about the Sentencing Guidelines, which are discussed in your plea agreement to some extent. First, let me ask, do you realize and understand that although these guidelines are advisory, a guideline sentence will be calculated and the guidelines may apply in this case?

A: Yes, sir.

Q: Now, have you discussed the application of the Sentencing Guidelines with your lawyer?

A: Yes, sir.

Cabrera also testified that he was satisfied with his representation by counsel, he understood the maximum penalties, he fully understood the terms of his plea agreement, he understood the elements of the offense, he went over the factual resume with his attorney, everything in the factual resume was true and correct, and that he understood by admitting to the factual resume, he was admitting to the charge against him in Count One of the indictment. These bare and conclusory allegations are insufficient to overcome the evidence of Cabrera's own sworn testimony. *See* United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986) (mere contradiction of sworn testimony at guilty plea proceeding is insufficient); DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

As the Magistrate Judge correctly concluded, actual innocence is not a free-standing ground for §2255 relief. United States v. Scruggs, 691 F.3d 660, 671 (5th Cir. 2012). Cabrera states that he pleaded guilty in an effort to obtain the most favorable outcome for his situation, which is the reason that any defendant enters a guilty plea. He has wholly failed to show any basis for §2255 relief and his objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this case, including the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (Docket No. 25) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Movant's second motion for relief from judgment (Docket No. 23) is hereby DENIED. It is further

ORDERED that the Movant Alejandro Cabrera is hereby denied a certificate of appealability *sua sponte*.

**So ORDERED and SIGNED this 15th day of May, 2014.**

 _____
 **LEONARD DAVIS**
 **UNITED STATES DISTRICT JUDGE**